UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LATSHA, | ) Case No. ED CV 10-668-PJW |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION AND ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) |
| Defendant. | ) |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal from a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance benefits ("DIB"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred in failing to properly consider two doctors' opinions. For the reasons explained below, the Court concludes that the ALJ did not err and, therefore, affirms the Agency's decision.

## II. SUMMARY OF PROCEEDINGS

On February 27, 2006, Plaintiff filed for DIB benefits, alleging an onset date of November 1, 2000. (Administrative Record ("AR") 108-112.) The Agency denied the application initially and on reconsidera-

tion. (AR 51, 55, 61-64, 67-71.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 73-75.) On November 21, 2007, Plaintiff appeared with counsel and testified at the hearing. (AR 19-48.) On January 11, 2008, the ALJ issued a decision finding that Plaintiff was not disabled. (AR 5-16.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-4.) He then filed the instant action.

## III. DISCUSSION

### 1. The Examining Psychologist's Opinion

In his first claim of error, Plaintiff contends that the ALJ did not properly consider the opinion of examining psychologist Mark Pierce. (Joint Stip. at 3-4.) For the following reasons, the Court finds that there is no merit to this claim.

ALJs are tasked with resolving conflicts in the medical evidence. *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 601 (9th Cir. 1999) (internal quotation marks omitted); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). In doing so, an ALJ must provide specific and legitimate reasons that are based on substantial evidence in the record for rejecting an examining doctor's opinion where, as here, it is contradicted by another doctor's opinion. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996)).

Psychologist Mark Pierce examined Plaintiff on August 22, 2005, and administered several intelligence tests in an effort to evaluate Plaintiff's capabilities. (AR 232-236.) He concluded that Plaintiff had mild depression but estimated Plaintiff's intellectual functioning to be average and found no evidence of confusion. (AR 234-36.) According to Dr. Pierce:

>     [Plaintiff's] cognitive abilities appear to be fairly well
>     retained as he performs in consistently adequate-to-strong
>     fashion with administered testing. [¶] By today's
>     performance, [Plaintiff] retains the mental capacity to
>     complete medium to higher-demand vocational skills and to
>     adapt to minimal changes in the work environment. Reasoning
>     capacities are consistently adequate to this level of
>     vocational functioning. [¶] Plaintiff would have no
>     significant difficulty working effectively with others, per
>     his adequate cooperation and performance with this examiner,
>     while there is milder depression underlying. He can
>     remember and comply with simple one and two part
>     instructions. He could concentrate adequately for a regular
>     work schedule for a full workweek.

(AR 236.)

In light of this report and the other medical evidence, the ALJ determined that Plaintiff had the capacity to perform his prior job as an auto service manager. (AR 16.) Plaintiff claims that the ALJ erred in reaching this determination. He points out that Dr. Pierce concluded that Plaintiff could adapt to only minimal changes in the workplace and argues that the job of service manager entails more than minimal changes due to the constant hiring and firing of personnel and the necessity of dealing with customers. (Joint Stip. at 4.) Plaintiff does not cite any authority to support this proposition. And the Court has not found any, either. Further, the evidence in the record, though minimal, seems to contradict Plaintiff's claims, here.

Throughout the application process, Plaintiff submitted reports to the Agency, detailing, among other things, his prior employment as

a service manager. Nothing in those submissions suggested that the job of service manager involved the "constant" hiring and firing of employees or that Plaintiff experienced difficulties with customers. (AR 121, 154-55, 206.) In fact, Plaintiff reported to Dr. Pierce that he got along well with bosses and coworkers when he was working. (AR 233.) This is important because Plaintiff's alleged impairment stems from a 1992 accident and complications, including seizure disorder, that followed. (AR 232-33.) Yet, Plaintiff worked as a service manager for eight years after the accident with no apparent problems. (AR 206, 233.)

Further, Plaintiff briefly testified about his experience as a service manager and nothing in his testimony suggests that the job required more than minimal changes in the work environment. (AR 25-27.) Nor does the Dictionary of Occupational Titles ("DOT") include any special adaptation requirements. (*See* DOT No. 185.167-058.) Thus, the Court is hard pressed to find that the ALJ erred when he determined that Plaintiff could perform his old job as a service manager despite his limitations.

Finally, even assuming that these additional coping abilities were part of the job, it would not be dispositive. As Dr. Pierce concluded, "Plaintiff would have no significant difficulty working effectively with others . . . ." (AR 236.) Thus, the Court concludes that the ALJ did not err when he found that Plaintiff could perform his prior job as a service manager even though he was only capable of adjusting to minimal changes in the work environment.

Plaintiff argues that the ALJ also erred when he concluded that Plaintiff could perform his job as a service manager because it is skilled work, requiring a reasoning level of four, and Dr. Pierce

concluded that Plaintiff was limited to one- and two-step instructions, i.e., unskilled work.  (Joint Stip. at 3-4.)  Again, the Court disagrees.  Though Dr. Pierce found that Plaintiff could "remember and comply with simple one and two part instructions," he did not conclude that Plaintiff was restricted to reasoning beyond this level.  (AR 236.)  In fact, he believed that Plaintiff had the mental capacity "to complete medium to higher-demand vocational skills" and that his "[r]easoning capacities are consistently adequate to this level of vocational functioning."  (AR 236.)  He also found that Plaintiff's cognitive abilities "appear to be fairly well retained as he performs consistently adequate-to-strong" on the intelligence testing Dr. Pierce administered.  (AR 236.)  This suggests, as the ALJ concluded, that Plaintiff could perform at a reasoning level much higher than two.

Plaintiff argues that Dr. Pierce's finding that Plaintiff could "complete medium to higher demand vocational skills" related to Plaintiff's Specific Vocational Preparation ("SVP") level and not his reasoning level.  (Joint Stip. at 3.)  Again, however, Plaintiff cites no authority in support of this view, and the Court has found none.  Further, the record does not seem to support Plaintiff's interpretation.  Dr. Pierce opined that Plaintiff had the ability to reason at a level sufficient to perform medium to higher demand vocational skills.  (AR 236.)  This view is supported by other evidence in the record, including the opinion of reviewing doctor Sarah Maze, who concluded that Plaintiff's fund of knowledge was fair and that his concentration and attention were not impaired.  (AR 238-241.)  It is also consistent with the opinion of reviewing doctor H.M.

5

Skopec, who found that Plaintiff's mental impairment was not severe. (AR 300-10.)

At best, Plaintiff has touched upon an inconsistency in Dr. Pierce's opinion. Assuming this to be the case, it was for the ALJ to address this inconsistency. *Morgan,* 169 F.3d at 601. In the absence of an unreasonable resolution of the conflict, the ALJ's decision must be affirmed. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding ALJ's decision must be affirmed where evidence is susceptible to more than one rational interpretation). In light of all of the evidence in this record, it was not unreasonable for the ALJ to interpret Dr. Pierce's opinion in the way that he did. For that reason, this claim does not warrant remand or reversal.

    2.   <u>The Non-Examining Doctor's Opinion</u>

In his second claim of error, Plaintiff contends that the ALJ improperly rejected the opinion of one of the non-examining, reviewing doctors, L. Mallare. (Joint Stip. at 7-8.) For the following reasons, the Court disagrees.

An ALJ may reject the opinion of a non-examining doctor based on specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244-45 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record.").

Dr. Mallare reviewed the medical record in September 2005 and completed two forms in which he set out his opinion. (AR 245-256, 257-262.) He believed that Plaintiff would have mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration and persistence. (AR 257-258.) The ALJ accepted this portion of Dr.

1  Mallare's opinion because it was consistent with Dr. Pierce's view.
2  (AR 13.)  Dr. Mallare also opined, however, that Plaintiff would have
3  moderate limitations in his ability to understand, remember, and carry
4  out detailed instructions.  (AR 257.)  The ALJ rejected this portion
5  of Dr. Mallare's opinion because it was inconsistent with Dr. Pierce's
6  findings.  (AR 13.)  Plaintiff contends that the ALJ erred in doing
7  so.  (Joint Stip. at 7-8.)  There is no merit to this argument.
8      Dr. Pierce's opinion is "specific evidence in the medical record"
9  supporting the ALJ's decision to reject Dr. Mallare's opinion.  *See*
10 *Sousa,* 143 F.3d at 1244-45.  As such, the ALJ did not err here.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that the Agency's findings are supported by substantial evidence and are free from material legal error.  As such, the decision is affirmed.

IT IS SO ORDERED.

DATED: August 9, 2011.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\LATSHA, G 668\memo opinion.wpd